931 F.2d 900
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Fern Marie OLIVER, individually, and Thomas Oliver,
individually, husband and wife, Plaintiffs-Appellants,
v.
MUSKOGEE REGIONAL MEDICAL CENTER, Muskogee, Oklahoma,
Defendant-Appellee.
 No. 90-7008.
 United States Court of Appeals, Tenth Circuit.
 April 30, 1991.
 
 Before BALDOCK, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BALDOCK, Circuit Judge.
 
 
 1
 On May 5, 1989, plaintiffs-appellants, the Olivers, brought this diversity action against defendant-appellant, Muskogee Regional Medical Center (MRMC), alleging that certain MRMC medical personnel were negligent in the diagnosis and treatment of Fern Oliver's dislocated shoulder. The alleged negligent treatment occurred on March 15, 1988, over one year prior to the filing of the complaint. The district court, upon the parties' consent, referred the case to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(2). The magistrate granted summary judgment to MRMC, holding that MRMC, as a public trust under Oklahoma law, was entitled to procedural and substantive notice of the claim within one year of the alleged loss. See Okla.Stat.Ann. tit. 51, Sec. 156 (West 1988). Section 156 provides that "[a] claim against the state or political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs." Included within the definition of a "political subdivision" is a "public trust." See Okla.Stat.Ann. tit. 51, Sec. 152(8)(d). It is undisputed that MRMC did not receive timely notice pursuant to Sec. 156. Plaintiffs appeal, however, contending that MRMC is not a valid public trust and therefore was not entitled to the notice required by Sec. 156. We affirm.
 
 
 2
 MRMC was established pursuant to a public trust instrument naming the city of Muskogee, Oklahoma, as beneficiary. See Okla.Stat.Ann. tit. 60, Secs. 176-180 (West 1971). Plaintiffs, citing Roberts v. South Oklahoma City Hosp. Trust, 742 P.2d 1077 (Okla.1986), contend that MRMC is an illusory trust formed under the guise of a public trust in an effort to obtain advantageous financing. The Roberts court stated that a trust is illusory if "the settlor reserves virtually complete control over the trustee's administration of the trust." Id. at 1082. The hospital in Roberts "promot[ed] and project[ed] the image of a private hospital in its everyday operations." Id. Essentially, the private settlor in Roberts retained complete control over the administration of the trust. Id. at 1082-83. The "only nexus between" the hospital and the city was the trust agreement which was entered for the sole purpose of obtaining advantageous financing. Id. at 1082. Therefore, the trust was held to be illusory.
 
 
 3
 Under Fed.R.Civ.P. 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." We review the grant of summary judgment de novo, according no deference to the magistrate's interpretation of Oklahoma law. See Salve Regina College v. Russell, 59 U.S.L.W. 4219, (U.S. Mar. 20, 1991) (No. 89-1629) (no deference to district court's determination of state law); Missouri Pac. R. Co. v. Kansas Gas & Elec. Co., 862 F.2d 796 (10th Cir.1988). In this case there are no material disputed facts; the sole issue is whether MRMC is an illusory trust under the Roberts standard.
 
 
 4
 Roberts is inapposite. Whereas the hospital in Roberts held itself out as a private institution, it is uncontroverted that MRMC holds itself out as a public hospital. Each patient is put on notice that the hospital is a public institution. Also, unlike the hospital in Roberts, MRMC retains a close nexus with the city of Muskogee. Pursuant to terms of the trust instrument, MRMC is owned by the city of Muskogee. MRMC and its related facilities are leased to the trustees of the Muskogee Medical Center Authority (Authority). At the end of the lease term, MRMC, as improved by the Authority, will revert to the possession of Muskogee, and the Authority may not encumber the property without express authorization from the city council of Muskogee. Furthermore, the Authority trustees are appointed by the city council of Muskogee. Given this close nexus between the hospital and the city, we hold that MRMC is not an illusory trust under the Roberts standard. It is uncontroverted that MRMC was established as a public trust under Okla.Stat.Ann. tit. 60, Secs. 176-180 (West 1971). As such, MRMC was entitled to notice of plaintiffs' claim within one year of the alleged loss.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3